IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
           Plaintiff,

    *v.*                                                 No. 11-10014-02-JTM

SHAMA QADEER,
           Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the Motion to Establish Evidentiary Hearing (Dkt. 186) and the Motion for Hearing (Dkt. 237) filed on behalf of defendant Shama Qadeer. Both motions seek a hearing for the ostensible purpose of determining the proper amount of restitution ordered. In neither case does Qadeer set forth any actual motion for altering the amount of restitution ordered by the court, nor does she proffer any evidence indicating the amount of restitution ordered was not supported by a preponderance of the evidence.

    The first motion does assert that at the sentencing hearing,

> the court specifically stated that rather than engage in a battle of numbers, the court would accept the evidence of the government as sufficient for the purposes of sentencing, but would allow the defendants the right to present evidence in mitigation or reduction of the amount of restitution, for the purposes of repayment and restitution to the government only.

(Dkt. 186, at 1).

The court has reviewed the transcript of the December 7, 2011 hearings for defendants Qadeer and Muhammed Qadeer Akram. What the court actually said was:

> With respect to the amount of restitution, I think *if there are legitimate issues* as to what that amount is or should be, that is something that we can modify, *if we need to*, but at least for the moment I am very comfortable that we're on solid ground in terms of a restitution figure.

(Emphasis added). The court did not agree that such legitimate issues actually existed, and proceeded with the imposition of sentence.

Shortly after the hearing, and before any of Qadeer's requests for hearing, the court entered formal Judgment against Qadeer, specifying restitution in the amount of $450,000. (Dkt. 180, at 5). The Judgment, including the order of restitution, was imposed without qualification or condition.

Qadeer's requests for hearing (Dkt. 186, 237), untied to any motion to correct, vacate, or modify a final judgment which has already been entered by the court, and without any showing of the need for such extraordinary relief, are accordingly denied.

IT IS SO ORDERED this 17TH day of September, 2012.

                                        s/ J. Thomas Marten
                                        J. Thomas Marten, Judge